UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD COLE BURCHETT,

    Plaintiff,

v.

KARI COOK, et al.,

    Defendants.

CASE NO. C05-503-RSL

REPORT AND RECOMMENDATION

### INTRODUCTION AND BACKGROUND

Plaintiff, who is proceeding in this action *pro se* and *in forma pauperis*, is currently incarcerated at the Washington Corrections Center. He has filed a civil rights complaint pursuant to 42 U.S.C. §1983. On April 26, 2005, the Court identified a deficiency in plaintiff's complaint and issued an Order Declining to Serve and Granting Leave to Amend. (Dkt. #8). The Order notified plaintiff that he could file an amended complaint within 30 days of the date of the Order; otherwise, the Court could recommend dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has not filed an amended complaint. Because the complaint is deficient and plaintiff has failed to correct the deficiency despite an opportunity to do so, the complaint should be dismissed against defendant Manny Santos.

### PLAINTIFF'S COMPLAINT IS DEFICIENT

Plaintiff alleges that his rights were violated when the defendants unjustly kept him in suicide watch confinement past the scheduled expiration date. He names the following defendants: Kari Cook, counselor; Manny Santos, counselor; Carol Van Buren, Unit Supervisor;

Report and Recommendation - Page 1

Dwight Preston, Counselor Supervisor; Pat Glebe, Associate Superintendent; and Jim Spalding, Superintendent.

The April Order advised plaintiff that in order to maintain a cause of action under 42 U.S.C. §1983, he must show (a) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (b) that the violation was proximately caused by a person acting under color of federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff has not filed an amended complaint or otherwise responded to the Order. Therefore, in determining whether plaintiff has stated a plausible claim against defendant Manny Santos, the Court will consider his original complaint.

Plaintiff's complaint does not allege how Manny Santos personally participated in any way in causing the harm alleged in the complaint. The complaint only states that Manny Santos received a call alerting the prison that plaintiff was planning to kill himself. Thus, plaintiff fails to allege a cause of action against this defendant.

## CONCLUSION

Based on the foregoing, the undersigned recommends that plaintiff's complaint be dismissed as to the defendant Manny Santos pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 22nd day of June, 2005.

MONICA J. BENTON
United States Magistrate Judge

Report and Recommendation - Page 2